UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 JUL -2 AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

OSCAR JOHNSON and )
BEULAH JOHNSON, )
                )
    Plaintiffs, )
                )
vs.             )  Civil Action No. CV-98-S-1404-NE
                )
ASSOCIATES FINANCIAL )
SERVICES COMPANY OF ALABAMA, )
INC.; and ASSOCIATES )
FINANCIAL LIFE INSURANCE )
COMPANY, a Tennessee )
Insurance Company having )
administrative offices in )
Dallas, Texas, et al., )
                )
    Defendants. )

ENTERED
JUL - 2 1998

MEMORANDUM OPINION

This action is before the court on two motions: plaintiffs' motion to remand; and, plaintiffs' motion to strike portions of the defendants' answers. Upon consideration of the pleadings, this court concludes plaintiffs' motion to remand is due to be granted, and that their motion to strike would more appropriately be resolved by the state court following remand.

I. SUMMARY OF FACTUAL ALLEGATIONS

Oscar and Beulah Johnson sought to refinance an existing real estate loan and mortgage with defendant Associates Financial Services Company of Alabama, Inc. ("AFSC") in April of 1996. AFSC agreed to refinance the loan and delegated its agent, Greta Lindsey, to close the transaction. Lindsey also represented defendant Associates Financial Life Insurance Company ("AFLIC"), which sells credit life insurance. In conjunction with the AFSC

loan transaction, Lindsey offered, and plaintiffs accepted, optional joint decreasing credit life insurance provided by AFLIC.

Plaintiffs' loan agreement with AFSC was for a term of 180 months (15 years), and bore interest at a rate of 10.98 percent per annum on the unpaid principal balance. The initial principal balance at closing was $74,882.37, which included settlement charges in the amount of $17,832.01, of which $13,396.38 constituted AFLIC credit life insurance premiums. Plaintiffs allege the credit life premiums exceeded limits established by the Alabama Mini-Code, codified at Alabama Code §§ 5-19-1 through 5-19-31, and also violated rules and regulations promulgated by the Alabama Department of Insurance and the State Banking Department.

Plaintiffs commenced this action in the Circuit Court of Madison County on May 1, 1998, asserting two claims: misrepresentation of material facts (fraud) and breach of contract. Defendants timely removed the action to this court on June 2, 1998, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]

## II. DISCUSSION

A defendant may remove a state court civil action to a federal court if the pending action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Under the well-pleaded complaint rule, a United States District Court must look to the face of the complaint to determine whether a claim "arises under" federal law. *Caterpillar,*

---

[1] That statute provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2

*Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A plaintiff may avoid federal jurisdiction by "exclusive reliance on state law." *Id.* Where the parties disagree on the presence of federal jurisdiction, doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A plaintiff may not, however, avoid federal jurisdiction by "artfully pleading" a state claim for what is essentially a federal claim. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983).

On its face, plaintiffs' complaint asserts only state law claims for fraud and breach of contract. Such allegations do not constitute federal questions. Defendants' only basis for asserting federal question jurisdiction is found in two words ("and Federal") found in one paragraph of a complaint spanning ten pages and containing more than 22 paragraphs: *i.e.*,

> In addition to the above violations of Alabama law, and notwithstanding the fact the unlawful premiums for the credit life insurance were financed within the real estate loan that permitted early payment [without penalty], the credit life insurance, if stopped or terminated before the end of the term, would not be fully refundable for unearned premiums since the unearned premiums would be calculated according to the Rule of 78 formula, in violation of State <u>and Federal</u> laws, rules and regulations; and in violation of the Loan Agreement which is attached hereto as Exhibit 1. A copy of the Insurance Schedule, showing the term, premium, and when insurance stops-refunds, is attached hereto, marked as Exhibit 2 of this Complaint, and incorporated by reference as if set out fully herein.

(Complaint ¶ 8 (emphasis supplied).)

3

The United States Supreme Court instructs, however, that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). Rather, the presence of federal question jurisdiction depends upon the <u>necessity</u> of resolving a <u>substantial</u> question of federal law. *Franchise Tax Board,* 463 U.S. at 27-28, 103 S.Ct. at 2856.

Defendants direct the court to no substantial question of federal law which necessarily must be decided to resolve plaintiffs' garden variety state law claims. Moreover, defendants do not cite the court to any federal statute which is an element of either of plaintiffs' claims.

This court finds that plaintiffs' claims are purely creatures of state law. Any references to federal law (*e.g.,* the Federal Truth-in-Lending Act) were purely incidental, if not inadvertent; certainly they do not raise a substantial question of federal law. Accordingly, the claims are due to be remanded to state court. The court declines to rule on plaintiffs' motion to strike portions of defendants' answers. That matter is best addressed by the able and learned state circuit judge following remand.

An appropriate order consistent with the foregoing shall be entered contemporaneously herewith.

DONE this **2nd** day of July, 1998.

*/s/ [signature]*
United States District Judge

4